IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME BELL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT MEYERS, et al. | : | NO. 02-3824 |

## REPORT AND RECOMMENDATION

**JACOB P. HART**
**UNITED STATES MAGISTRATE JUDGE**                November   25   , 2002

     This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by an individual currently incarcerated at the State Correctional Institution at Rockview, Pennsylvania.  For the reasons that follow, I recommend that the petition be dismissed as untimely.

**FACTS AND PROCEDURAL HISTORY:**

     On February 6, 1990, after a jury trial before the Honorable John J. Poserina, Jr. of the Court of Common Pleas of Philadelphia County, Bell was convicted of third-degree murder and possession of an instrument of crime.  On February 7, 1991, Judge Poserina sentenced Bell to eight to sixteen years on the murder charge, and a concurrent sentence of one to two years for the possession of an instrument of crime conviction.

     Bell did not directly appeal his conviction and thus his conviction became final on March 9, 1991, when the thirty day period for filing a direct appeal expired.  On April 3, 1995, Bell filed a petition pursuant to Pennsylvania's Post Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §§ 9541-9551, claiming that trial counsel was ineffective for failing to appeal on his behalf and for failing to suppress his confession to his uncle.  On April 30, 1996, after appointed PCRA counsel

filed a "no merit letter," the PCRA Court dismissed Bell's PCRA petition as frivolous. Bell did not appeal to the Superior Court.

On October 18, 1996, Bell filed a second pro se PCRA petition. On May 8, 2000, while this petition was still pending, Bell filed a "Motion for Leave to File Notice of Appeal Nunc Pro Tunc" and "Memo of Law in Support of Motion to Leave to File Notice of Appeal Nunc Pro Tunc," in which he claimed that he was not informed of his right to file an appeal and his right to counsel on appeal. On May 30, 2000, the PCRA Court denied Bell's motion. Subsequently, on October 19, 2000, the PCRA Court dismissed the second PCRA petition as untimely. Bell appealed this decision and on May 7, 2002, the Superior Court affirmed. Commonwealth v. Bell, 3312 E.D.A. 2000. Bell did not seek discretionary review in the Pennsylvania Supreme Court.

Bell filed this petition for habeas corpus relief on June 17, 2002. In response, the District Attorney has asserted that the petition is untimely. With the passage of the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), Congress enacted a one-year limitations period for federal habeas corpus petitions. 28 U.S.C. § 2244(d). Ordinarily, the one-year period begins to run from the date on which the judgment became final in the state courts and is tolled only by a properly filed PCRA petition. 28 U.S.C. § 2244(d)(1)(A) and (d)(2).

Here, Bell's conviction became final in 1991, prior to the enactment of AEDPA. Because the Third Circuit determined that application of the one-year limitations period to convictions that became final prior to the enactment of AEDPA would be impermissibly retroactive, Bell had one year from AEDPA's enactment date, April 24, 1996, to file his habeas petition. See Burns v. Morton, 134 F.3d 109, 110 (3d Cir. 1998). On April 24, 1996, Bell's first PCRA petition was pending in the state court. The PCRA Court dismissed the petition on April 30, 1996, and Bell

2

had 30 days to file an appeal with the Superior Court. Since Bell failed to do so, the limitations period began to run on May 30, 1996, when the time for filing such an appeal expired.

On October 18, 1996, after 141 days had elapsed, Bell filed a second PCRA petition. Because this petition was ultimately dismissed as untimely by the PCRA Court, the District Attorney contends that it was not "properly filed" for purposes of § 2244(d)(2),[1] and, therefore, did not toll the habeas limitations period.[2] The Third Circuit has addressed this issue in two opinions. First, in Fahy v. Horn, 240 F.3d 239 (3d Cir. 2001), the court held that the federal court must "defer to [the] state's highest court" in determining whether an untimely petition is properly filed. Id. at 244. Hence, since the state court found that Fahy's PCRA was untimely, it was not "properly filed" and could not serve to toll the limitations period. Id. More recently, in Nara v. Frank, 264 F.3d 310 (3d Cir. 2001), the Third Circuit adopted a more flexible approach to determining whether a petition was "properly filed." Since the state courts accepted Nara's motion to withdraw his guilty plea nunc pro tunc, allowed briefing, made a full consideration of the record before denying the petition, and routinely consider such filings, the Third Circuit found that Nara's motion had been a "properly filed" petition for collateral review. Id. at 316. Hence, the habeas limitations period was tolled when Nara filed his motion.

---

[1]Specifically, 28 U.S.C. § 2244(d)(2) states:
   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

[2]Although we would prefer to avoid this unsettled question of habeas law, it is unavoidable. Since Bell filed this petition for habeas corpus relief within two months after the Superior Court completed review in his second collateral appeal, we must determine whether the time during which the second PCRA petition was pending is tolled for purposes of § 2244. If it is, his federal habeas petition is timely; if not, he is more than five years too late.

In attempting to follow the law of our circuit, the judges of our District Court have taken differing positions on the question whether a PCRA petition, ultimately determined by the state courts to be untimely, is "properly filed" for purposes of tolling the habeas limitations period. See Woods v. Brennan, 2001 WL 1428343 *2 (E.D. Pa. Nov. 9, 2001)(Padova, J.)(finding an untimely PCRA petition does not toll the limitations period); Lambert v. Frank, 2000 WL 1022997 *2 (E.D. Pa. Jul. 8, 2000)(Pollak, J.). But cf. Pace v. Vaughn, 2002 WL 485689 (E.D. Pa. Mar. 29, 2002)(Giles, C.J.)(time during which an untimely PCRA petition was pending tolled the limitations period); Rosado v. Vaughn, 2001 WL 1667575 *3 (E.D. Pa. Dec. 28, 2001)(Shapiro, J.)(same). Other judges of our District Court have attempted to reconcile the holdings in Fahy and Nara. See Baker v. Horn, 2002 WL 1160822 *16 (E.D. Pa. May 31, 2002)(Brody, J.)(suggesting that the district court look to the state's disposition of the petition and its treatment of the petition and holding that in light of the fact that no Pennsylvania court ruled on the timeliness issue, the petition was "properly filed"). Still others have succeeded in avoiding the issue. See Gibbs v. Johnson, 2002 WL 55812 (E.D. Pa. Jan. 15, 2002)(Yohn, J.)(finding it unnecessary to decide if untimely PCRA petition tolled the habeas limitations period).

Considering this intra-district split, it is not surprising that this issue has again made its way to the Circuit Court. In Phillips v. Vaughn, Civil Action 01-4529, the Honorable John Fullam dismissed the habeas petition as untimely, finding that a second, untimely, PCRA petition did not toll the habeas limitations period. Judge Fullam granted a certificate of appealability on this precise issue. As of this writing, Phillips v. Vaughn, Court of Appeals docket number 02-2109, has been fully briefed and we are awaiting further action by the Court of Appeals.

We believe, however, that, subsequent to the Third Circuit's decision in <u>Nara</u>, the Supreme Court provided guidance on this issue. The Court, in addressing whether a petition is "pending" between the levels of appeal, held that the state court's procedural rules play a determinative role in making that decision. <u>Carey v. Saffold</u>, __ U.S. __, 122 S.Ct. 2134, 2141 (Jun. 17, 2002). <u>Saffold</u> arose from a case in California. California's post-conviction procedures, unlike Pennsylvania's which set precise filing deadlines, require the state courts to "determine the timeliness of each filing according to a 'reasonableness' standard." <u>Saffold</u>, at 2139. In considering the appeal of Saffold's post-conviction petition -- an appeal that was filed 4½ months after the lower court ruled – the California Supreme Court wrote that it denied the petition "on the merits and for lack of diligence." <u>Saffold</u>, at 2141. The United States Supreme Court remanded the case for further consideration and specifically suggested that the Court of Appeals request clarification of the California Supreme Court's disposition.

> It remains to ask whether Saffold delayed "unreasonably" in seeking California Supreme Court review. If so, his application would no longer have been "pending" during this period. . . .
>
> If the California Supreme Court had clearly ruled that [petitioner's] 4½-month delay was "unreasonable," that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was "entangled" with the merits.

<u>Id.</u>

We believe that applying state procedural law to the question of whether a petition is properly filed for purposes of § 2244(d)(2) is nothing more than a logical extension of the Supreme Court's holding in <u>Saffold</u>. If, as the Supreme Court has now held, state procedural law should be used to determine if the AEDPA limitations period is tolled during the time that an

5

appeal is pending in the state courts, it only makes logical sense to use state procedural law in determining whether a state post-conviction petition was "properly filed" ab initio in the state court.

We are not alone in our reasoning. The Seventh Circuit has applied the Supreme Court's decision in Saffold to find that an untimely collateral petition, as found by the state court, is not a "properly filed" petition for purposes of § 2244(d)(2). In discussing Saffold, the Honorable Frank Easterbrook wrote:

> *Saffold* shows that our decision [that Brooks' petition is barred by the limitations period]was correct. The question in *Saffold* was whether an original petition for collateral relief, filed in the Supreme Court of California, counted as a "properly filed" application given California's unusual system of collateral review. The Court's conditionally affirmative answer -- yes, if the application is timely under state practice -- refutes Brooks' principal submission. For *Saffold* tells us (ending any ambiguity left by *Artuz*[*v. Bennett*, 531 U.S. 4 (2000)]) that to be "properly filed" an application for collateral review in state court must satisfy the state's timeliness requirements.

Brooks v. Walls, 301 F.3d 839, 841 (7th Cir. 2002).

In Bell's case, since the state court, itself, found that his second PCRA petition was untimely, adopting the reasoning of Saffold, his second PCRA petition could not be considered "properly filed" for purposes of tolling the habeas limitations period. Therefore, his habeas petition had to be filed by May 30, 1997, one year from the time he failed to appeal the denial of his first PCRA petition, to be considered timely. He did not file this petition until June 17, 2002, over five years beyond the expiration of the limitations period. Hence, it is untimely.

Finally, Bell has failed to establish that his is a case deserving of equitable tolling. Equitable tolling is appropriate "when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights." Miller v. New Jersey State Department of

Corrections, 145 F.3d 616, 618 (3d Cir. 1998). The Third Circuit has found that equitable tolling is appropriate in four narrow circumstances: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum; or (4) if the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). However, equitable tolling is to be invoked "only sparingly," see United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998), and only when the petitioner establishes that he exercised "reasonable diligence" in investigating and bringing the claims. Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618-619 (3d Cir. 1998)(citing New Castle County v. Haliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997)).

     Here, Bell has not asserted, let alone established, that his is a case deserving of equitable tolling. He has presented no evidence to establish that he exercised "reasonable diligence" in presenting his claims.

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this _____ day of _____, 2002, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED AS UNTIMELY. There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME BELL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT MEYERS, et al. | : | NO. 02-3824 |

## **O R D E R**

BRUCE W. KAUFFMAN, J.,

AND NOW, this            day of                      , 2002, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for a writ of habeas corpus is DISMISSED AS UNTIMELY.

3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
BRUCE W. KAUFFMAN, J.